WATKINS *v.* BURDICK.

LOGS AND LOGGING—MERCHANTABLE SCALE—CONTRACTS—FRAUD.
Evidence that plaintiff contracted with defendant to cut and remove from plaintiff's land a quantity of inferior, culled, and fallen or "down" timber, and paid defendant for the number of feet scaled by him, which plaintiff claimed was excessive and fraudulent, that plaintiff saw most of the timber that defendant hauled out before making the final payment and defendant testified that he did not agree to cull the timber and scaled it correctly, according to his best judgment, was insufficient to present a question of fraud for the jury, and the trial court committed no error in refusing to apply the rule of "merchantable scale" to the transaction.

Error to Houghton; Streeter, J. Submitted June 24, 1913. (Docket No. 132.) Decided July 9, 1913.

Case by John Watkins against Eugene L. Burdick for money obtained by misrepresentation. Judgment
176 MICH.—28.

for defendant upon a directed verdict. Plaintiff brings error. Affirmed.

*O'Brien & Le Gendre,* for appellant.

*Burritt & Burritt,* for appellee.

STONE, J. This case originated in justice's court. The cause of action is in case, to recover back from the defendant money paid to him by the plaintiff, under alleged false misrepresentations and fraud of the defendant. The declaration alleged that the plaintiff, being, in 1908, the owner of 80 acres of land in Houghton county, and being desirous of having cut and removed certain logs therefrom, entered into an agreement with defendant to pay him four cents per foot for hewing timber, and $10 per thousand feet for cutting and hauling logs therefrom; that defendant entered upon the performance of such agreement, and later the defendant fraudulently, falsely, and deceitfully represented to the plaintiff that he (the defendant) had hewed 2,424 feet of timber, and had cut and hauled 29,291 feet of logs for plaintiff, and that said above figures were the scale and measurement of the Worcester Lumber Company's scaler, P. W. Coffee, whereupon the plaintiff, believing said false representations, paid defendant for hewing the above amount of timber at four cents per foot, amounting to $96.96, and for cutting and hauling the above-stated amount of logs, at $10 per thousand feet, amounting to $292.91, whereas, in truth and in fact the amount of timber hewed by defendant for the plaintiff was 2,226 feet, and the actual amount of logs cut and hauled by defendant for plaintiff was 21,262 feet, and whereas, in fact the said flat timber and logs had never been scaled by said P. W. Coffee, or any other scaler. And the plaintiff averred that the defendant neglected and refused to pay back to the

plaintiff $80.74, which plaintiff paid to said defendant in excess of the actual amount due said defendant for the work and labor performed for the plaintiff as above stated, and, with the wicked purpose of cheating and defrauding the plaintiff out of the benefit thereof, still wickedly retained and held the said sum of money, to the damage of the plaintiff.

The plea was the general issue. Upon the trial of the case in the circuit court it appeared that the timber which the defendant was to cut and get out was certain down hemlock timber that was left after the large standing timber had been sold and removed. The plaintiff testified as follows:

"I wanted this down timber hauled out. Down timber is timber that has fallen from the wind or getting old, it is mature, and it has dropped over. It is usually the wind that has blown it over, and that ground was possibly covered with heavy timber. There was considerable of that in the woods. I never estimated the timber, but we went over the ground together. It took us part of one afternoon, and pretty much all of the next forenoon, and as I relied upon him (the defendant), I thought he knew more about timber than I did, and we made a rough estimate of it. * * * We didn't arrive at an agreement that time. We went over the ground and we couldn't come to an agreement, not that day. We came to an agreement later on by letter."

We are not favored with a copy of this letter and are unable to determine just what the terms of the agreement were. It is undisputed that much of this down timber was worked up and hauled out by the defendant, and there is no claim that his statement of amount was incorrect, unless the rule of merchantable scale is to be applied. The plaintiff saw the timber that was hauled out, except a few pieces, before he made the final payment of upwards of $220. Plaintiff further testified that he never bound the defendant down to the timber being merchantable timber.

Defendant testified that he went on under the agreement and hewed the timber and hauled it out, and that he measured and reported it correctly. It was undisputed that the down timber on the land had been cut over, before this cutting, by the Sturgeon River Lumber Company, and what was considered good had been taken out.

At the close of the testimony the court directed a verdict for the defendant upon the ground that the testimony as to damages was too vague and indefinite to warrant the submission of the case to the jury. The plaintiff has brought the case here and assigns as error that the court should have submitted the case to the jury, and erred in directing a verdict for the defendant.

An examination of the record shows that the evidence offered by the plaintiff was to the effect that by a "merchantable scale" the quantity of timber represented by the amount in controversy should have been rejected, and was rejected by certain scales made by competent scalers. We think that the timber cut and hauled by defendant was down, poor, hemlock timber which had been left on the land, and the evidence does not show any agreement that the defendant was to cull it, but he was to use his best judgment in selecting it; and there is no evidence tending to show that he did not exercise his best judgment in so doing. On the contrary, the evidence shows that he did exercise his best judgment, in cutting and scaling, and sent the correct statement of the amount gotten out by him in good faith. This was not a case of the sale of a quantity of "merchantable timber or logs" to the plaintiff, but a case where defendant was to cut and deliver to plaintiff a quantity of poor and inferior down timber belonging to plaintiff, which had already been culled over, and it was not a case for the application of the rule of a "merchantable scale."

We think there was no evidence of fraud or misrepresentation in the case, and are of opinion that the circuit judge, in directing a verdict for the defendant, reached a correct conclusion, and the judgment of the circuit court is affirmed.

STEERE, C. J., and MOORE, MCALVAY, BROOKE, KUHN, OSTRANDER, and BIRD, JJ., concurred.